# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

                Plaintiff,   :     Case No. 2:17-cr-093
                                      Also 2:19-cv-3086

                                      Chief Judge Algenon L. Marbley
  -  vs  -                         Magistrate Judge Michael R. Merz

JAMAIL ADAMU PETERSON,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 32). On Order of Magistrate Judge Kimberly Jolson (ECF No. 33), the United States has filed a Response in Opposition (ECF No. 34). Judge Jolson's Order provided that Defendant would have fourteen days after the Response to file a reply (ECF No. 33, PageID 133). That time has expired, but Defendant has not filed a reply. Thus, the Motion to Vacate is ripe for decision.

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 35)

1

**Litigation History**

On May 11, 2017, the grand jury returned an Indictment charging Peterson with being in possession of a firearm and of ammunition after having been convicted of a crime punishable by imprisonment for more than one year, both in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (ECF No. 11, PageID 17-18). On July 11, 2017, he entered into a written Plea Agreement with the United States to plead guilty to Count One and the associated forfeiture count (ECF No. 16). He actually entered that guilty plea on August 25, 2017 (See Minutes for that date). Then on January 26, 2018, he was sentenced on Count One to imprisonment for thirty months (Judgment, ECF No. 26). Peterson took no appeal. The instant Motion followed on July 12, 2019 (ECF No. 32).

Peterson pleads the following grounds for relief:

> **Ground One:** Actual Innocence. Not knowly [sic] possessing a firearm. 922(g).
>
> **Supporting Facts:** I am actually innocent of the crime 922(g) Felon in possession of a firearm. I did not know my status at the time of my offense.
>
> **Ground Two:** I did not know that I was not allowed to have a firearm.
>
> **Supporting Facts:** I was never told that I was not allowed to possess a firearm. I thought that my rights were restored after I served my time in prison along with my right to vote.
>
> **Ground Three:** I was not in possession of a firearm.
>
> **Supporting Facts:** I was not found in possession of a firearm because I did not have a firearm on me at the time of the offense and I did not know that the firearm was in the car or that I was not allowed to be around firearms.

(Motion, ECF No. 32, PageID 123, 124, 125-26.)

The statute of limitations for a motion to vacate under 28 U.S.C. § 2255 is one year and starts to run when the conviction becomes final unless the United States Supreme Court later initially recognizes a right and makes it retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). Peterson relies on *Rehaif v. United States,* 139 S. Ct. 2191 (2019), decided June 21, 2019 (Motion, ECF No. 32, PageID 125).

## Analysis

**Grounds One and Two: Actual Innocence/Lack of *Scienter***

In his First Ground for Relief, Peterson claims he is actually innocent of the offense of conviction because he did not know his "status" at the time of the offense. In the Second Ground he claims he did not know he was not allowed to possess a firearm.

18 U.S.C. § 922(g)(1) provides that:

> It shall be unlawful for any person (1) who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in intestate commerce, or possess in or affecting commerce, any firearm or ammunition or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Peterson pleaded guilty to and was convicted of knowingly possessing a .380 caliber pistol with a particular serial number in and affecting interstate commerce, having previously been convicted in two cases in the Franklin County Court of Common Pleas of burglary and possession of cocaine, each of which was punishable by a term of imprisonment exceeding one year (Indictment, ECF

No. 11, PageID 17). Each of these facts was necessary to constitute a violation of § 922(g), but Peterson does not tell the Court which of these facts he claims not to have known. Is it that the object with the referenced serial number was a "firearm"? Is it that the firearm was "in or affecting interstate or foreign commerce"? He particularizes the claim in Ground Two by claiming he did not know he was not allowed to possess a firearm.

American law has long recognized the "common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally." *Barlow v. United States*, 32 U.S. 404, 7 Pet. 404, 411 (opinion for the Court by Story, J.). Thus, Peterson will not be heard to claim that he is actually innocent because he did not know the legal consequences of being in possession of a firearm after having been convicted of two crimes that were not only punishable by more than a year in prison, but for which Peterson was actually punished by more than a year in prison.

Ignorance of a critical fact can be a defense in some instances, but in this case, Peterson waived his right to present a defense and admitted all the facts necessary for conviction. (See Statement of Facts attached to the Plea Agreement, ECF No. 16, PageID 34; see also Transcript of Plea Proceedings, ECF No. 30). Even if he did not actually know that the pistol had traveled in interstate commerce, he stipulated that the United States would be able to prove that fact beyond a reasonable doubt at trial (Plea Agreement, ECF No. 16, PageID 34).

*Rehaif* is not to the contrary.

> In *Rehaif* the Supreme Court interpreted 18 U.S.C. § 922(g) which provides criminal penalties for certain classes of persons to possess firearms, including aliens who are illegally or unlawfully within the United States. The Court held that the *mens rea* element of the statute – knowingly – applied to knowing whether one was within one of the prohibited classes. However, the only provision of § 922(g) at issue in the case was § 922(g)(5) relating to aliens; the

4

> Court expressly declined to express a view "about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other §922(g) provisions not at issue here."

*United States v. Clegg,* Nos. 3:14-cr-122, 3:19-cv-232, 2019 WL 5307349, *1 (S.D. Ohio Oct. 21, 2019) (Merz, Mag. J.), *report and recommendations adopted at* 2019 WL 5962688 (S.D. Ohio Nov. 13, 2019) (Rose, J.).

> *Rehaif* did not recognize any new constitutional right. Instead, *Rehaif* reversed the conviction of a person convicted under 18 U.S.C. § 922(g)(5) for being an alien unlawfully in the country and possessing a firearm. Rehaif had been convicted by a jury which was instructed that the Government did not have to prove he knew he was in the country illegally. The Supreme Court interpreted the *mens rea* requirement of "knowingly" which appears in 18 U.S.C. § 924 as required to be proved beyond a reasonable doubt as to most of the elements of a 922(g) conviction. It held:
>
>> The term "knowingly" in §924(a)(2) modifies the verb "violates" and its direct object, which in this case is §922(g). The proper interpretation of the statute thus turns on what it means for a defendant to know that he has "violate[d]" §922(g). With some here-irrelevant omissions, §922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien . . . illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").
>>
>> . . . by specifying that a defendant may be convicted only if he "knowingly violates" §922(g), Congress intended to require the Government to establish that the defendant knew he violated the material elements of §922(g).
>
> 139 S. Ct. at 2195-96. Certainly *Rehaif* embodies a new rule of criminal procedure, but it is not a constitutional rule, but rather a rule of statutory interpretation.

5

> Moreover, the Supreme Court did not make its new rule retroactively applicable to cases on collateral review.[1] The Court does not discuss retroactivity at all in *Rehaif*. The Supreme Court has a general rule by which we can determine that question, however. Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989).

*United States v. May,* Nos. 3:16-cr-127, 3:19-cv-369, 2019 U.S. Dist. LEXIS 203817, *3-5 (S.D. Ohio Nov. 25, 2019) (Merz, Mag. J.), *report and recommendations adopted at* 2019 U.S. Dist. LEXIS 217364 (S.D. Ohio Dec. 18, 2019) (Rose, J.). To summarize, *Rehaif* expressly applies only to convictions under 18 U.S.C. § 922(g)(5), whereas this case arises under § 922(g)(1). Motions to vacate under 28 U.S.C. § 2255 seek collateral review and the Supreme Court did not make *Rehaif* applicable retroactively, i.e., to cases that became final before *Rehaif* was decided.

Peterson's first two Grounds for Relief are therefore without merit and should be dismissed. They are also barred by the statute of limitations and Peterson 's failure to raise them on direct appeal, arguments the United states makes but which do not require extended analysis.

**Ground Three: Lack of Possession of the Firearm**

In his Third Ground for Relief, Peterson again claims actual innocence by asserting he was not in possession of the firearm at the time of his arrest, in that it was not "on him," i.e. on his

---

[1] Direct review is the review that occurs on direct appeal to the circuit court of appeals and ultimately, if they accept jurisdiction, to the United States Supreme Court. Collateral review occurs on a motion to vacate under § 2255 or a motion for new trial.

person.[2]  However, he stipulated that the United States would be able to prove at trial, beyond a reasonable doubt, that at the time of the stop he was seated in the right front passenger seat of the car; that the only other person in the car was the driver, Cheetra Peterson; that the gun was found under the seat he was sitting in; and "that the firearm was his and Ms. Peterson had nothing to do with his possession of the firearm." (Statement of Facts, ECF No. 16, PageID 34).  The Government did not have to prove that the firearm was on his person.  It is sufficient as a matter of law to show "constructive possession," *see, e.g.*, *Henderson v. United States*, 135 S.Ct. 1780, 1784 (2015), citing 18 U.S.C. § 922(g), and the admitted facts are sufficient for that purpose.

Ground Three should also be dismissed on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommend that the Motion to Vacate be denied with prejudice and the Court enter judgment to that effect.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 28, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] He also alleges again that he did not know he was not allowed to possess a firearm (Motion, ECF No. 32, PageID 125-26).  That allegation is dealt with under the first two grounds above.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.